Brian K. Kelsey (TN No. 022874)*
Daniel R. Suhr (WI No. 1056658)*
Liberty Justice Center
190 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603
Ph.: 312/263-7668
Email: bkelsey@libertyjusticecenter.org
     dsuhr@libertyjusticecenter.org
*Lead Counsel for Plaintiff*

Anita Y. Milanovich (MT No. 12176)
MILANOVICH LAW, PLLC
100 E. Broadway Street
The Berkeley Room
Butte, Montana 59701
Ph.: 406/589-6856
Email: aymilanovich@milanovichlaw.com
*Local Counsel for Plaintiff*

*Motion pro hac vice forthcoming

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| **ILLINOIS OPPORTUNITY PROJECT**, <br><br> Plaintiff, <br><br> v. <br><br> **STEVE BULLOCK**, in his official capacity as governor of Montana, and **MEGHAN HOLMLUND**, in her official capacity as chief of the State Procurement Bureau <br><br> Defendants. | Case No. _____ <br><br> COMPLAINT |

## INTRODUCTION

1. Stretching back to the founding era and *The Federalist Papers*, the freedom of speech has included the right to engage in anonymous issue advocacy concerning important public issues. *McIntyre v. Ohio Election Commission*, 514 U.S. 334 (1995).

2. Similarly, the freedom of association includes the right of private individuals to band together for common purposes without government prying in to those associations' membership or donor lists. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958).

3. Defendant Steve Bullock, governor of Montana, has issued Executive Order 15-2018 (Ex. 1), which mandates state agencies under his control require bidders on any non-incidental state contract to disclose their contributions to organizations that engage in issue advocacy within a certain proximity of an election. Defendant Meghan Holmlund is responsible for implementing this policy as chief of the State Procurement Bureau.

4. Plaintiff Illinois Opportunity Project (IOP) intends to engage in issue advocacy in Montana. This issue advocacy would circulate within the window of time covered by the executive order. Thus, if IOP engaged in its planned issue advocacy, any of its donors who bid on state contracts in Montana would be required to disclose their IOP donations.

5.   In order to protect the privacy of and on behalf of itself and its donors, IOP bring this suit under 42 U.S.C. § 1983, seeking declaratory and injunctive relief to protect the core First Amendment rights to free speech and association.

**PARTIES**

6.   Plaintiff Illinois Opportunity Project is a 501(c)(4) social-welfare organization based in Chicago, Cook County, Illinois.  It seeks to promote the social good and common welfare by educating the public about policy that is driven by the principles of liberty and free enterprise.  Though its activities are primarily focused on Illinois, it occasionally engages in issue advocacy in other states when the policies adopted there might have ripple effects on the policies it cares about in Illinois.  Member disclosure laws are one such policy of great concern to IOP.

7.   Defendant Steve Bullock is governor of the State of Montana and the issuing authority behind Executive Order 15-2018.  He works in Helena, Lewis and Clark County, Montana.  He is sued in his official capacity.

8.   Defendant Meghan Holmlund is Chief of the State Procurement Bureau. Ms. Holmlund is the Montana Department of Administration official charged with overseeing the state's procurement laws and policies, including

Executive Order 15-2018. *See* 18-4-221, MCA. Ms. Holmlund works in Helena, Lewis and Clark County, Montana. She is sued in her official capacity.

**JURISDICTION AND VENUE**

9. This case raises claims under the First and Fourteenth Amendments of the United State Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2) because Defendants are located in and a substantial portion of the events giving rise to the claims occurred in the District of Montana, Helena Division.

**FACTUAL ALLEGATIONS**

11. In June 2018, Governor Steve Bullock issued Executive Order 15-2018 (Ex. 1) ("Governor Bullock's Executive Order"), which applies to "every contracting department and agency" within the authority of an executive order in Montana state government. Governor Bullock's Executive Order mandates that these agencies require certain disclosures from entities that wish to bid on contracts for business from Montana state government. (Ex. 1.) Specifically, entities that are bidding on non-incidental state contracts (worth more than $25,000 for services or

$50,000 for goods) must disclose "covered expenditures" they made within the last two years. (Ex. 1 at 4.)

12.   "Covered expenditures" include any contribution by the bidder to "another entity, regardless of the entity's tax status, that pays for an electioneering communication," (Ex. 1 at 3), regardless of whether the contribution paid for the electioneering communication. "Electioneering communication" is defined as:

> a paid communication that is public distributed by radio, television, cable, satellite, internet website, mobile device, newspaper, periodical, billboard, mail, or any other distribution of printed or electronic materials, that is made within 60 days of the initiation of voting in an election in Montana, that can be received by more than 100 recipients in the district in Montana voting on the candidate or ballot issue, and that:
> a. refers to one or more clearly identified candidates in that election in Montana;
> b. depicts the name, image, likeness, or voice of one or more clearly identified candidates in that election in Montana; or
> c. refers to a political party, ballot issue, or other question submitted to the voters in that election in Montana.

(Ex. 1 at 3.)

13.   Governor Bullock's Executive Order 15-2018 is a mainstay of his presidential campaign message. The *New York Times* describes his crusade for campaign finance reform as his "one big idea." Maggie Astor, *It's Steve Bullock's First Time on the Democratic Debate Stage. Here's His Big Idea*, N.Y. Times (July 30, 2019), *available at* https://www.nytimes.com/2019/07/30/us/politics/steve-bullock-debate.html. According to another news report, "Bullock centered

his 2020 announcement on his fight against unrestrained corporate spending on elections," specifically mentioning this order as evidence. *Steve Bullock announces presidential run*, Roll Call (May 14, 2019), https://www.rollcall.com/news/campaigns/steve-bullock-announces-presidential-run. As a TIME.com headline pithily puts it, "Steve Bullock hates dark money." Laura Zornosa, *Steve Bullock hates dark money. But a Dark Money Lobbyist Is Helping His Presidential Campaign*, Time (July 8, 2019), *available at* https://time.com/5621952/steve-bullock-dark-money-lobbyist/.

14. Meghan Holmlund is the chief of the State Procurement Bureau. According to the Bureau's website, the bureau "ensures compliance with all state statutes and procurement requirements." The Bureau also serves as "a central location for vendors interested in bidding on state projects." (http://sfsd.mt.gov/Home/Division/AboutUs/aboutSPB). Specific to the Executive Order, the bureau maintains a website with guidance for contractors, an operations manual for state employees, and a webinar on "Dark Money Disclosure Reporting and Requirements." (http://sfsd.mt.gov/SPB/Dark-Money). The declaration form and disclosure template maintained by the bureau on its website both ominously refer to the requirements as applying to "dark money spending" or "dark money contributions."

15. The State of Montana maintains a website, transparency.mt.gov, which posts a variety of data sets for public viewing. One of those data sets is entitled, "Dark Money Spending for Entities Doing Business with the State of Montana." (https://dataportal.mt.gov/t/DOASITSDDataPortalPub/views/Dark Money/DarkMoneyDashboard?:isGuestRedirectFromVizportal=y&:embed=y). This website displays for the public the information submitted by all bidders on state contracts pursuant to the executive order, such as the bidders' name, contribution amount, and candidate or referendum supported. *Id.*

16. Montana is holding a general election on November 3, 2020. The ballot will include the governor's office and races for the State Senate and State House.

17. The Illinois Opportunity Project engages in issue advocacy in Illinois and other states on issues that relate to its mission. It feels strongly that issue advocacy is a protected right under the First Amendment.

18. Illinois Opportunity Project wishes to communicate its views on the First Amendment to at least 100 Montanans in advance of the November 2020 general election. In particular, it plans to make paid communications by mail to thousands of Montana voters within 90 days of the 2020 general election. These mailings will include names and pictures of candidates for governor. The mailings will urge these candidates not to continue Governor Bullock's Executive Order out

of respect for privacy, free speech, and the First Amendment. IOP intends to comply with Montana's campaign finance laws in relation to these mailings.

19. IOP intends to engage in substantially similar speech in future Montana elections.

20. Illinois Opportunity Project receives support from a variety of sources, including from corporate entities. These corporations may now or in the future wish to bid on business from Montana state government. IOP also desires to solicit financial support from donors within Montana to partially offset the cost of its intended communications in Montana, and these potential donors who would be solicited would include corporations that may now or in the future bid on business with Montana state government.

21. If IOP engages in its planned issue advocacy in Montana, then any corporation from anywhere in the country that supported IOP in the past two years will be required to disclose those donations if it bids on state contracts in Montana.

22. IOP is concerned that compelled disclosure of its donors could lead to substantial personal and economic repercussions for its supporters. Across the country, individual and corporate donors to political candidates and issue causes are being subject to boycotts, harassment, protests, career damage, and even death threats for publicly engaging in the public square. IOP fears that its corporate donors may also encounter similar reprisals from certain activists if their donations

are made public. Montana's posting of all donor information on the Internet makes this fear of harassment and retaliation all the more real, as it exposes national or multinational companies to harassment from anywhere in the world.

23. IOP therefore brings this pre-enforcement challenge on behalf of itself and its donors to vindicate its First Amendment rights. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) (setting the standard for pre-enforcement challenges). IOP intends to engage in a course of conduct affected with constitutional interest (namely its issue advocacy). If it moved forward with its course of conduct, its corporate donors would be subject to disclosure when they bid on state contracts. If the bidders refuse to provide the protected information, they will lose the ability to bid under the terms of the order.

24. Because of these potential harms, IOP will chill its own speech and not engage in its desired communications so long as Governor Bullock's Executive Order is law.

25. IOP has no remedy at law.

# COUNT I

## By requiring Plaintiff's donors to disclose their donations in order to bid on state contracts, the Governor's Executive Order violates the First Amendment.

26. The allegations contained in all preceding paragraphs are incorporated herein by reference.

27. IOP and its donors enjoy a right to engage in anonymous issue advocacy protected by the First Amendment as incorporated against the states. *McIntyre v. Ohio Election Commission*, 514 U.S. 334 (1995). The Governor's Executive Order violates that right by requiring disclosure of donations, removing the anonymity of their issue advocacy.

28. Similarly, IOP and its donors enjoy a right to privacy in their association for free speech about issues, a right protected by the First Amendment as incorporated against the states. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958). The Governor's Executive Order violates that right by requiring disclosure of donations, ending the privacy of the speech-oriented association.

29. "[E]ven though this provision applies evenhandedly to advocates of differing viewpoints, it [a disclosure requirement] is a direct regulation of the content of speech." *McIntrye*, 514 U.S. at 345. *Accord ACLU v. Heller*, 378 F.3d 979, 987 (9th Cir. 2004).

30.     This court should apply "the most exacting scrutiny" to the order because it is a content-based disclosure regulation. *Doe v. Harris*, 772 F.3d 563, 574 (9th Cir. 2014). *Accord McIntyre,* 514 U.S. at 346 (sponsor disclosure law subject to exacting scrutiny); *Nat'l Assn. for Gun Rights (NAGR) v. Mangan*, No. 18-35010, slip op. at *14 (9th Cir. Aug 12, 2019) (same).

31.     The Governor's Executive Order does not meet the standards of exacting scrutiny and is overbroad. Though the government may have a legitimate interest in knowing the organizations sponsoring issue advocacy proximate in time to an election, *see NAGR* at *26, it does not have an interest in knowing the names and addresses of members and supporters who have simply donated to entities that engage in issue advocacy. When government forces the disclosure of members and supporters, it crosses into the realm of anonymous speech and private association protected by *McIntyre* and *NAACP*, where its interests are secondary and citizens interests are stronger.

32.     IOP and its donors are entitled to an injunction under 42 U.S.C. § 1983 enjoining Governor Bullock from continuing his unconstitutional policy of requiring disclosure of issue-advocacy donors and enjoining Defendant Holmlund from advising executive agencies they must comply with that unconstitutional policy.

## PRAYER FOR RELIEF

Plaintiff Illinois Opportunity Project respectfully requests that this Court:

    a.    Declare that Governor Bullock's Executive Order 15-2018 compels member and supporter disclosure in violation of the right to freedom of speech under the First and Fourteenth Amendments;

    b.    Declare that Governor Bullock's Executive Order 15-2018 compels member and supporter disclosure in violation the right to freedom of private association under the First and Fourteenth Amendments;

    c.    Enjoin Governor Bullock from continuing his policy of requiring disclosure of donations by entities that bid on Montana state contracts;

    d.    Enjoin Meghan Holmlund from implementing Governor Bullock's Executive Order 15-2018 through the State Procurement Bureau and the state agencies it supervises and coordinates;

    e.    Award Plaintiff its costs and attorneys' fees under 42 U.S.C. § 1988; and

    f.    Award any further relief to which Plaintiff may be entitled.

Dated: August 27, 2019

                                              Respectfully Submitted,

                                              */s/ Anita Y. Milanovich*

Brian K. Kelsey (TN No. 022874)*     Anita Y. Milanovich (MT No. 12176)
Daniel R. Suhr (WI No. 1056658)*    MILANOVICH LAW, PLLC
Liberty Justice Center                    100 E. Broadway Street
190 S. LaSalle Street, Suite 1500     The Berkeley Room
Chicago, Illinois 60603                  Butte, Montana 59701
Ph.: 312/263-7668                        Ph.: 406/589-6856
Email: bkelsey@libertyjusticecenter.org   Email: aymilanovich@milanovichlaw.com
      dsuhr@libertyjusticecenter.org   *Local Counsel for Plaintiff*
*Lead Counsel for Plaintiff*

*Motion pro hac vice forthcoming