IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| ILLINOIS OPPORTUNITY PROJECT, | CV-19-56-H-CCL |
|---|---|
| Plaintiff, | |
| vs. | Order |
| STEVE BULLOCK, in his official capacity as governor of Montana, and MEGHAN HOLMLUND, in her official capacity as chief of the State Procurement Bureau, | |
| Defendants. | |

Before the Court is Defendants' Combined Rule 12 Motion to Dismiss. (Doc. 19). Defendants move to dismiss Plaintiff's complaint with prejudice under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to allege sufficient facts to establish standing, as required by Article III of the United States Constitution. Rather than amending the complaint to cure the defects pointed out by Defendants, Plaintiff oppose the motion and argue that it and its members are injured by the governor's executive order. The motion having been fully briefed and no party having requested oral argument, the Court is prepared to rule.

## LEGAL STANDARD

Defendants seek dismissal based on lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to "allege sufficient facts, accepted as true, to plausibly establish its standing to sue." (Doc. 20 at 6). Plaintiff cites a recent Ninth Circuit case to support its argument that the Court can only grant Defendants' motion to dismiss if it is "far from beyond doubt that no set of facts justify [it's] case." (Doc. 23 at 7, citing *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Circ. 2019)). In their reply brief, Defendants correctly point out that Plaintiff is arguing for a standard that has not been the law since 2009, when the United States Supreme Court clarified that the standard established by *Bell Atl. Corp. v. Twombley* for analyzing motions to dismiss under Fed. R. Civ. P. 12(b)(6) in antitrust cases applies to all cases brought in federal court, including cases brought under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Rule 12(b)(6) standard applies when a defendant challenges a plaintiff's attempt to invoke the federal court's jurisdiction by accepting the well-pleaded factual allegations of the complaint as true and arguing that they are nevertheless insufficient to invoke federal jurisdiction. *Leite v. Crane Co.*, 749

F.3d 1117, 1121 (9th Cir. 2014). To survive a motion to dismiss for lack of lack of subject matter jurisdiction based on lack of standing, a complaint must allege facts (as opposed to legal conclusions and speculative predictions) that plausibly establish each of the three elements that constitute "the irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). *See also M.S. v. Brown*, 902 F.3d 1076, 1080 (9th Cir. 2018)(affirming the district court's dismissal of plaintiffs' Fourteenth Amendment challenge to the refusal by several state actors to issue them driver's licenses on the grounds that "plaintiffs failed to establish the redressability element of standing.").

The United States Supreme Court has long recognized that a plaintiff must allege facts sufficient to show: (1) that it suffered an injury in fact; (2) that its injury can be traced to the defendant's challenged conduct; and (3) that its injury is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 561. Failure to allege sufficient facts to establish any one of these elements mandates dismissal because the Court cannot proceed without subject matter jurisdiction.

**FACTUAL ALLEGATIONS OF COMPLAINT**

When stripped of legal conclusions and speculative predictions, the complaint as currently structured alleges that the governor of Montana issued an executive order that "mandates state agencies under his control require bidders on

any non-incidental state contract to disclose their contributions to organizations that engage in issue advocacy within a certain proximity of an election." (Doc. 1 at ¶ 3). Plaintiff Illinois Opportunity Project (IOP) intends to engage in such advocacy in Montana by sending thousands of mailings to Montana voters prior to the November 3, 2020 gubernatorial election which will include names and pictures of candidates for governor and urge those candidates not to continue Governor Bullock's executive order out of respect for privacy, free speech, and the First Amendment. (Doc. 1 at ¶¶ 16 - 18).[1]

Given Plaintiff's announced intent to engage in issue advocacy in Montana prior to the November 2020 election, any corporation that donated to IOP within the last two years (IOP current donors) desiring to bid on state contracts in Montana worth more than $25,000 for services or $50,000 for goods will be required to disclose those donations. (Doc. 1 at ¶¶ 4, 11, 21). Absent from the complaint is an allegation that any current donor has in the past bid on a contract covered by the Executive Order in the State of Montana or would do so before the November 2020 gubernatorial election but for the existence of the Executive Order.

---

[1] The Court takes judicial notice of the fact that Governor Bullock will not be running for governor in the November 2020 election, as he is prevented from doing so by term limits.

Plaintiff "desires to solicit financial support from donors within Montana to partially offset the cost of its intended communications in Montana, and these potential donors who would be solicited would include corporations that may now or in the future bid on business with Montana state government. (Doc. 1 at ¶ 20). Although the Executive Order had been in place for over a year before Plaintiff filed its complaint on August 27, 2019, the complaint does not allege that Plaintiff has solicited contributions from any potential donor anywhere who has refused to make a donation based on that potential donor's plans to bid on business with Montana state government.

**DISCUSSION**

Defendants argue that Plaintiff cannot meet the first prong of the standing test because it has failed to allege facts, that plausibly establish the first two prongs of the standing analysis – that is that the Executive Order has caused it or will likely cause it to suffer an injury in fact. Plaintiff responds by arguing that the Executive Order harms IOP directly because it harms its ability to retain current financial supporters and recruit new contributors. Plaintiff attempts to excuse its failure to specifically allege that its current or potential donors have refused to continue their donations or make new donations as a result of the

enactment of the executive order on the grounds that it seeks to maintain the anonymity of such donors.

Defendants correctly point out that at the pleading stage, Plaintiff need not specifically identify such donors, so long as the complaint alleges their existence. Plaintiff also argues that it should be allowed to assert standing on behalf of its corporate members and donors without identifying those members or donors.

The Court need not determine at this stage whether Plaintiff is entitled to assert standing on behalf of corporate members or donors who hesitate to reveal their identities because they have contributed to Plaintiff in the past but have decided to discontinue their contributions to avoid disclosing those contributions when seeking to contract with the State of Montana because Plaintiff does not allege that such members or donors exist. While it is likely that an allegation regarding the existence of specific current or potential future donors who have either chosen not to bid on Montana contracts or not to donate to IOP will lead to a discovery request for the names of those donors or potential donors, the Court is confident that a suitable protective order can be entered limiting the persons with access to such discovery responses.

**CONCLUSION & ORDER**

The Court recognizes the importance of both the First Amendment rights to

free speech and free association and the right to privacy that Plaintiff seeks to assert and protect in its complaint. The Court cannot, however, reach the merits of this case until Plaintiff has filed a complaint alleging facts sufficient to show that it or its members have suffered or will likely suffer an injury in fact that can be traced to the Executive Order. It is certainly possible that Plaintiff may be able to allege such facts, if given the opportunity to amend its complaint. Because leave to amend should be freely given at this early stage of the proceedings, the Court has determined to grant Defendants' motion to dismiss without prejudice and allow Plaintiff to amend its complaint. Accordingly,

IT IS HEREBY ORDERED that Defendants' Combined Rule 12 Motion to Dismiss (Doc. 19) is GRANTED in part. Plaintiff's complaint is dismissed without prejudice. Plaintiff has until January 21 to file an amended complaint alleging sufficient facts to establish its standing to challenge the governor's executive order.

IT IS FURTHER ORDERED that Defendants shall answer or otherwise appear in response to the amended complaint within fourteen days of its service.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED with leave to refile if and when Plaintiff files an amended complaint adequately addressing the defects noted in this order. (Doc. 27).

Should Plaintiff fail to file an amended complaint on or before January 21, 2020, this case will be dismissed with prejudice for lack of standing and the Clerk will be directed to enter judgment in favor of Defendants.

Dated this 1st day of January, 2020.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE